UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTA FOOD EXCHANGE, INC., and ROCKY MOUNTAIN EXPRESS CORPORATION d/b/a RMX GLOBAL LOGISTICS,<br><br>                              Plaintiffs,<br><br>  -against-<br><br>ZAMIRBEK AIDAROV, KAVKAZ EXPRESS, LLC; GLOBAL TRANSPORTATION, LLC; ITL GROUP, INC.,<br><br>                              Defendants. | Docket No. 1:19-cv-05425-NRB |

### [PROPOSED] PROTECTIVE ORDER

Plaintiffs Vista Food Exchange, Inc. and Rocky Mountain Express Corporation d/b/a RMX Global Logistics and Defendants Zamirbek Aidarov, Kavkaz Express, LLC, Global Transportation, LLC, ITL Group, Inc. (collectively, the "Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1)    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

**2) DEFINITIONS**

    a.    <u>Party</u>: any party to this action and any parent, subsidiary, indemnitor, or affiliate of a party to this action, including all of their officers, directors, employees, consultants, or agents.

    b.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    c.    <u>"Confidential" Information or Items</u>: information, regardless of how generated, stored or maintained, which comprises or contains information that the Producing Party claims in good faith to constitute material or information not generally known to the public that the Producing or Disclosing Party in good faith believes to incorporate sensitive business or commercial information, trade secrets, know-how, proprietary data, or private or personal information.

    d.    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items," that the Producing Party believes in good faith is of such a sensitive or secret nature that disclosure of such information to any other Party or non-party reasonably poses the risk of competitive injury.

    e.    <u>Receiving Party</u>: an entity that receives Protected Material from a Producing Party.

    f.    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

g.  **Designating Party**: a Party or non-party that designates information or items produced in Disclosure or Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

h.  **Protected Material**: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

i.  **Outside Counsel**: attorneys who are not employees of a Party but who are specially retained to represent or advise a Party in this action, including employees and agents of counsel.

j.  **In-House Counsel**: attorneys who are employees of a Party, including their staff.

k.  **Counsel (without qualifier)**: Outside Counsel and In-House Counsel.

l.  **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

m.  **Professional Vendors**: persons or entities that provide litigation support services to Outside Counsel and their employees and subcontractors. Litigation support should include but are not limited to photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium.

**3)   SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**4) <u>DURATION</u>**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5) <u>DESIGNATING PROTECTED MATERIAL</u>**

a. <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Indiscriminate designations are prohibited. Designations that are shown to have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

b. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

c. <u>Information in physical documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing or Designating Party must affix the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material, for information produced in hard copy form.

      d.    <u>Testimony in deposition, pretrial, or trial proceedings</u>: When it appears that substantial portions of deposition, pretrial or trial testimony may qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days from receipt of the official transcript to identify those specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.

      e.    <u>Information produced in some form other than documentary, and for any other tangible items</u>:  For information produced in native form and for information produced electronically, the Producing or Designating Party must identify in a cover letter or in some other manner that the information produced is Protected Material and must identify it specifically as either CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." For information produced physically, the Producing or Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing or Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

f.       Inadvertent Failures to Designate:  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, or after a deposition or other testimony is given, the Receiving Party, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**6)      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**7)      ACCESS TO AND USE OF PROTECTED MATERIAL**

a.       Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12. Protected

Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      b.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

      1)     the Receiving Party's Outside Counsel of record in this action;

      2)     the Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for this litigation.

      3)     Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7(d) below, have been followed, as well as employees of said experts to whom it is reasonably necessary to disclose the information for this litigation;

      4)     the Court and its personnel and members of the jury;

      5)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      6)     directors, officers, and employees of the Parties and their respective affiliates, whose duties require them to assist Counsel in this action, provided such person has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

      7)     the author of the document or the original source of the information, and any copied recipients thereof; and

      8)     Professional Vendors under a duty of confidentiality to Outside Counsel.

c.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

1)      the Receiving Party's Outside Counsel of record in this action;

2)      Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7(d) below, have been followed, as well as employees of said experts to whom it is reasonably necessary to disclose the information for this litigation;

3)      the Court and its personnel and members of the jury;

4)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

5)      the author of the document or the original source of the information, and any copied recipients thereof; and

6)      Professional Vendors under a duty of confidentiality to Outside Counsel.

d.      Procedures for Approving Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts":

1)      unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, and (2) attaches a copy of the Expert's current

1023571\306737030.V1

resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

2) a Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within five business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

3) a Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement.

4) The Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8)** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing immediately and in no event

more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9)** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A. Any such disclosure shall not constitute a waiver of the Producing Party's designation of the Protected Material.

**10)** <u>**UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**</u>

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five business days of the Receiving Party's receipt of a written request for the return of the documents or material. Nothing in this paragraph shall prevent the Receiving Party from challenging the Producing Party's claim of privilege upon return of the disputed documents or material.

**11)** <u>**FILING PROTECTED MATERIAL**</u>

All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's Electronic Case Filing Rules and Instructions, Section 6. Sealed Filing (available on the Court's website).  The Parties will use their reasonable best efforts to minimize the filing of Protected Material under seal.

**12)   FINAL DISPOSITION**

a.   **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

b.   **Return of Confidential Documents.**   Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Protected Material, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Trial counsel may retain one copy of all pleadings and exhibits for archival purposes.

c.   **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Protected Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Protected Material.

**13)   MISCELLANEOUS**

a.   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b.   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   c. <u>Discovery from Third Parties</u>: If Disclosure or Discovery Material is sought of a person not a party to this action ("non-party" or "third-party") requiring disclosure of such non-party's Confidential or Highly Confidential Information, the non-party may designate its Disclosure or Discovery Material as Protected Material using the designations provided herein. The Protected Material disclosed by any such non-party will be accorded the same protection as the parties' Protected Material, and will be subject to the same procedures as those governing disclosure of the parties' Protected Material pursuant to this Order.

   d. <u>Exemption</u>: The restrictions and obligations set forth herein shall not be deemed to prohibit discussions of any Confidential or Highly Confidential Information with any person that already has or obtains legitimate possession thereof. Nothing in this Order shall affect or extend to any Party's use of its own Confidential Information or Highly Confidential — Attorneys' Eyes Only Information

   e. <u>Counsel's Right to Provide Advice</u>: Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's client with respect to this action and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the client, the counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

1023571\306737030.V1

   f. <u>Disclosure of Protected Material at Trial</u>: This Order governs only discovery. At trial or on appeal, the parties will re-designate or redact confidential designations as deemed appropriate.

   g. <u>Notice</u>: Transmission by e-mail is acceptable for all notification purposes identified herein above.

IT IS SO ORDERED.

Date: New York, New York

  April 15, 2021

                _____
                Naomi Reice Buchwald
                U.S. District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTA FOOD EXCHANGE, INC., and ROCKY MOUNTAIN EXPRESS CORPORATION d/b/a RMX GLOBAL LOGISTICS,<br><br>       Plaintiffs,<br> -against-<br><br>ZAMIRBEK AIDAROV, KAVKAZ EXPRESS, LLC; GLOBAL TRANSPORTATION, LLC; ITL GROUP, INC.,<br><br>       Defendants. | Docket No. 1:19-cv-05425-NRB |

**ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY THE PROTECTIVE ORDER**

  I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York in this matter. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

  I further agree to and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____